IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$10,500.00 UNITED STATES CURRENCY, and
$1,026.00 UNITED STATES CURRENCY,

        Defendants.

_____

**VERIFIED COMPLAINT FOR FORFEITURE <u>IN</u> <u>REM</u>**
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

## JURISDICTION AND VENUE

1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 <u>et</u> <u>seq.</u> This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 21 U.S.C. § 881(j), 19 U.S.C. § 1605, and 28 U.S.C. § 1395, as the defendant property is located, and all acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3.    Defendant property is more fully described as:

a. $10,500.00 in United States Currency (defendant "10,500") seized from Ricardo Cuevas on July 27, 2010, at 9595 Pecos Street #538, Federal Heights, Colorado, and is currently being held by the United States Marshal Service, Denver, Colorado.

b. $1,026.00 in United States Currency (defendant "1,026") seized from Ricardo Cuevas on July 27, 2010, at 1800 East 69th Avenue # 12, Thornton, Colorado, and is currently being held by the United States Marshal Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

4. In February 2010, the Colorado Drug Enforcement Administration (DEA) and West Metro Drug Task Force (WMDTF) began an investigation of the drug trafficking activities of Jesus Munoz (hereinafter "Munoz").

5. Drug activities of Munoz and his organization were observed by DEA and WMDTF through authorized wire taps, cameras, and surveillance.

6. On February 9, 2010, through intercepted phone conversations, agents learned that 200 pounds of marijuana was delivered to Munoz in the gas tank of a Ford F250.

7. Throughout February and March 2010, agents continued to monitor numerous phone conversations made by Munoz. On March 15, 2010, during one of these intercepted calls, Munoz had a conversation with Ricardo Cuevas (Cueves) wherein they discussed the purchase of one kilogram of cocaine. Munoz indicated that he, along with "Papeton" aka David Hinojos, intended to purchase the cocaine and would then sell it to two of their customers "Esteban" aka Esteban

Garcia and "Fresh" aka Charles Riggens. Munoz arranged with Cuevas to pick up the cocaine on March 16, 2010, around 10:00 a.m.

8. On March 16, 2010, "Papeton" called Munoz and asked Munoz to call Cuevas to find out what was going to occur so that he could call "Fresh" and make arrangements. Munoz called Cuevas and told him that he would be ready soon and asked if Cuevas was at Cuevas' shop, JM Automotive, located at 1800 East 69th Avenue # 12, Thornton, Colorado. Cuevas indicated that he was at the shop and that Munoz needed to hurry. Munoz contacted "Esteban" and told him that he would be getting the product soon and that he would call Esteban back. Munoz then contacted "Papeton" and said that Cuevas was ready and that he would go by Cuevas' shop and then drive over to "Papeton's" house. Agents observed Munoz exit his residence and arrive at Cuevas' shop. Shortly thereafter, surveillance observed Munoz leave Cuevas' shop and travel directly to "Papeton's" residence.

9. On his way to "Papeton's," Munoz contacted "Esteban" and asked how much cocaine he needed. "Esteban" said he probably could sell the entire quarter kilogram of cocaine and would meet Munoz in 20 minutes. Munoz and "Esteban" met at "Papeton's" residence where agents observed an exchange between Munoz and "Esteban."

10. On April 7, 2010, agents intercepted phone calls made by Cueves asking his associates for money so that he would be able to acquire more product.

11. Through continued surveillance and monitoring of phone conversations agents have learned that Cuevas is the source of supply of cocaine for Munoz and "Papeton."

12. On April 15, 2010, agents observed a brief meeting between Munoz, "Papeton," and Cuevas at Cuevas' shop. Munoz and "Papeton" left the shop and retured to "Papeton's" residence.

Following the arrival of Munoz and "Papeton" at "Papeton's" residence, agents observed "Fresh" aka Charles Riggens arrive, stay a short period of time and then leave. Surveillance followed "Fresh" and performed a traffic stop. The vehicle was impounded and a search warrant was conducted. During the search of the vehicle, 515.25 grams of cocaine was found inside a backpack in the trunk of the vehicle.

13. On April 27, 2010, intercepted phone calls indicated that Cuevas would be receiving a load of cocaine. Through surveillance agents captured the meeting and delivery of the cocaine to Cuevas. Additional phone calls made later that day confirmed the distribution of cocaine to Cuevas.

14. On April 28, 2010, WMDTF met with a source of information (SOI) to discuss the drug trafficking activities of Munoz and Cuevas. The SOI told officers that on April 23, 2010, he/she went to a restaurant with Munoz where Munoz met with Cuevas and received one and a half kilograms of cocaine from Cuevas. Munoz told the SOI that Cuevas received approximately 40 kilograms of cocaine a month from a source in the Phoenix, Arizona area.

15. On May 10, 2010, the SOI contacted WMDTF with additional information on the drug activities of Cuevas. Cuevas had told the SOI that he had changed his phone number because he was worried that someone was listening. Cuevas also told the SOI that he was using his nephew to handle the cocaine when a load would arrive. Cuevas told the SOI that he believes that if he does not handle the cocaine he cannot get into trouble. The SOI said Cuevas is worried about going to jail for a long time because he has been in the drug business for 10 years.

16. From May 2010 through July 2010, surveillance and phone interception continued on Cuevas and Munoz. Cuevas continued to receive cocaine from his out of state source and continued to distribute the cocaine among Munoz, "Papeton" and other individuals involved in his

drug trafficking organization.

17. On July 27, 2010, WMDTF and DEA decided to take down the organization and arrest Cuevas, and Munoz. Cuevas and Munoz were contacted by WMDTF agents at Cuevas' shop and were arrested without incident. Cuevas was searched and defendant $1,026 was found in Cuevas' wallet. During a consent search at Cuevas' residence located 9595 Pecos Street #538, Federal Heights, Colorado, agents found defendant $10,500 in the bathroom.

18. During an interview, Cuevas informed agents that he owned JM Automotive and that he was not making enough money from the shop and started selling drugs to supplement his income. Cuevas said his source of supply is "Oso," later identified as Victor Manuel Tanori-Rodriguez. According to Cuevas, Tanori-Rodriguez would supply Cuevas with quarter kilogram quantities of cocaine every week. Cuevas would pay Tanori-Rodriguez $5000.00 per quarter kilogram and charge his customers $6,000.00 per quarter kilogram of cocaine. After about two months Cuevas informed Tanori-Rodriguez that he had more customers and started purchasing half kilograms of cocaine per week at $12,000.00 charging his customers $13,000.00. Cuevas told agents that in April he was purchasing six to eight kilograms of cocaine per month.

19. Based in part on the facts contained herein, Cuevas was arrested and charged in Jefferson County, Colorado, with 104 counts of Controlled Substance - Possession with Intent to Distribute a Scheduled II Controlled Substance, state criminal case number 10-cr-2303. Trial is pending.

20. A search of the Department of Labor records revealed that Ricardo Cuevas had no reported income.

21. In summary, Ricardo Cuevas is involved in illegal drug trafficking activities and has

no known legal income to substantiate possession of defendant $10,500 and defendant $1,026. Accordingly, defendant $10,500 and defendant $1,026 are forfeitable as property furnished or intended to be furnished in, as proceeds traceable to, and as property used or intended to be used in illegal drug trafficking, pursuant to 21 U.S.C. § 881(a)(6).

.         VERIFICATION OF ERIC MARTENSON

SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent, Eric Martenson, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true to the best of my information and belief.

 s/Eric Martenson
Eric Martenson

STATE OF COLORADO   )
CITY AND            )ss
COUNTY OF DENVER    )

The foregoing was acknowledged before me this 22nd day of December, 2010, by Eric Martenson, Special Agent, Drug Enforcement Administration.

 s/Pamela D. Thompson
Notary Public - Colorado

My Commission Expires: 5-3-2014

FIRST CLAIM FOR RELIEF

22. The Plaintiff repeats and incorporates by reference the paragraphs above.

23. By the foregoing and other acts, defendant $10,500 constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. §

881(a)(6).

## SECOND CLAIM FOR RELIEF

24.     The Plaintiff repeats and incorporates by reference the paragraphs above.

25.     By the foregoing and other acts, defendant $10,500 constitutes proceeds traceable to exchanges of controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

26.     The Plaintiff repeats and incorporates by reference the paragraphs above.

27.     By the foregoing and other acts, defendant $10,500 constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FOURTH CLAIM FOR RELIEF

28.     The Plaintiff repeats and incorporates by reference the paragraphs above.

29.     By the foregoing and other acts, defendant $1,026 constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FIFTH CLAIM FOR RELIEF

30.     The Plaintiff repeats and incorporates by reference the paragraphs above.

31.     By the foregoing and other acts, defendant $1,026 constitutes proceeds traceable to exchanges of controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

SIXTH CLAIM FOR RELIEF

32. The Plaintiff repeats and incorporates by reference the paragraphs above.

33. By the foregoing and other acts, defendant $1,026 constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

Dated this 22nd day of December, 2010.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0353
Fax: (303) 454-0402
E-mail: Martha.Paluch@usdoj.gov