IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03117-REB-CBS

**UNITED STATES OF AMERICA**

       Plaintiff,

v.

**$10,500.00 UNITED STATES CURRENCY, AND**

**$1,026.00 UNITED STATES CURRENCY,**

       Defendants.

**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM* AND AFFIRMATIVE DEFENSES**

Claimant, Ricardo Cuevas (hereto after "Claimant"), by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer & Steinberg, P.C., respectfully submits this Answer to the government's Verified Complaint for Forfeiture *In Rem* in the above-captioned case, and states as follows:

JURISDICTION AND VENUE

1. Claimant admits the allegations contained in paragraph one of the Complaint insofar as they allege jurisdiction to be proper but otherwise deny the same.

2. Claimant admits the allegations contained in paragraph two of the Complaint insofar as they allege venue to be proper but otherwise deny the same.

## DEFENDANT PROPERTY

3. Claimant admits the allegations contained in paragraph three of the Complaint, insofar that the listed property is the subject property of this action.

## FACTUAL BASIS FOR FORFEITURE

4. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph four of the Complaint and therefore, denies the same.

5. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph five of the Complaint and therefore, denies the same.

6. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph six of the Complaint and therefore, denies the same.

7. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph seven of the Complaint as it relates to intercepted phone calls and therefore, denies the same. Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

8. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph eight of the Complaint as it relates to intercepted phone calls and therefore, denies the same. Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

9. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph nine of the Complaint and therefore, denies the same.

10. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph ten of the Complaint as it relates to intercepted phone calls

and therefore, denies the same. Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

11. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph eleven of the Complaint as it relates to intercepted phone calls and therefore, denies the same. Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

12. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph twelve of the Complaint and therefore, denies the same.

13. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph thirteen of the Complaint as it relates to intercepted phone calls and therefore, denies the same. Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

14. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph fourteen of the Complaint as they relate to the actions of others and therefore, denies the same. Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

15. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph fifteen of the Complaint as they relate to the actions of others and therefore, denies the same. Claimant further denies the allegations related to actions attributed to him.

16. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph sixteen of the Complaint as it relates to intercepted phone

calls and therefore, denies the same. Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

17. Insofar as the allegations contained in paragraph seventeen accurately reflect the date the Claimant was arrest and that the Defendant currency was seized, the Claimant admits these allegations. The Claimant denies the allegation that the search of 9595 Pecos Street was with consent. The Claimant further denies the allegations related to unlawful or illicit actions attributed to him.

18. Claimant admits the allegations contained in paragraph eighteen insofar as it describes his ownership of JM Automotive but otherwise denies same.

19. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph nineteen of the Complaint as they relate to the Government's motivation for charging the Claimant in State criminal case 10CR2303 and therefore, denies the same. Claimant admits, however, that he was charged with violations of law and that that case has since been disposed of as a result of a plea agreement between the Claimant and the Government.

20. Claimant has insufficient information at this time to admit or deny the allegations contained in paragraph twenty of the Complaint and therefore, denies the same.

21. Claimant denies the allegations contained in paragraph twenty-one.

### FIRST CLAIM FOR RELIEF

22. Claimant repeats and incorporates by reference the paragraphs above.

23. Claimant denies the allegations contained in paragraph twenty-three of the Complaint.

## SECOND CLAIM FOR RELIEF

24. Claimant repeats and incorporates by reference the paragraphs above.

25. Claimant denies the allegations contained in paragraph twenty-five of the Complaint.

## THIRD CLAIM FOR RELIEF

26. Claimant repeats and incorporates by reference the paragraphs above.

27. Claimant denies the allegations contained in paragraph twenty-seven of the Complaint.

## FOURTH CLAIM FOR RELIEF

28. Claimant repeats and incorporates by reference the paragraphs above.

29. Claimant denies the allegations contained in paragraph twenty-nine of the Complaint.

## FIFTH CLAIM FOR RELIEF

30. Claimant repeats and incorporates by reference the paragraphs above.

31. Claimant denies the allegations contained in paragraph thirty-one of the Complaint.

## FIFTH CLAIM FOR RELIEF

32. Claimant repeats and incorporates by reference the paragraphs above.

33. Claimant denies the allegations contained in paragraph thirty-three of the Complaint.

## GENERAL DENIAL

34. Any and all allegations not explicitly admitted are hereby denied.

## FIRST DEFENSE

35.    Claimant is an innocent owner of the *res* seized and the acts or omissions alleged in the Complaint were committed without his knowledge.

## SECOND DEFENSE

36.    Claimant is an innocent owner of the *res* seized as that term is defined in 18 U.S.C. § 983(d) in that he did not know of the conduct giving rise to forfeiture.

## THIRD DEFENSE

37.    The arrest and investigation of the *res* seized violated Claimant's Fourth Amendment rights under the United States Constitution because the search and seizure was not based upon probable cause.

## FOURTH DEFENSE

38.    The forfeiture statute in this case and the implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution, for the following reasons:

    a. The forfeiture statutes provide for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorization by a judicial officer;

    b. The forfeiture statutes provide for the forfeiture of property from parties who are completely innocent of any criminal wrongdoing. These sections penalize ownership of the Defendant property regardless of the existence or nonexistence of any criminal intent.

## FIFTH DEFENSE

39. Forfeiture of the *res* seized would violate Claimant's Eighth Amendment rights under the United States Constitution.

## SIXTH DEFENSE

40. Forfeiture of the *res* seized would violate Claimant's rights pursuant to 18 U.S.C. § 983(g).

## JURY DEMAND

31. PLAINTIFF REQUESTS A TRIAL TO A JURY.

**WHEREFORE**, Claimant requests that this Court enter an order denying relief requested by Plaintiff, entering judgment in favor of Claimant, ordering the return of the Defendant property to Claimant and granting such further relief as this Court deems appropriate.

Dated this 16th day of January, 2012.

>Respectfully submitted,
>s/Ariel Z. Benjamin
>Ariel Z. Benjamin
>Springer & Steinberg, P.C.
>Attorneys for Ricardo Cuevas
>1600 Broadway, Suite 1200
>Denver, CO 80202
>(303)861-2800 Telephone
>(303)832-7116 Telecopier
>law@springersteinberg.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Martha A. Paluch**
Email: Martha.Paluch@usdoj.gov

    s/Casey Ambrose
    Casey Abrose
    for Ariel Z. Benjamin
    Springer and Steinberg, P.C.
    Attorneys for Ricardo Cuevas
    1600 Broadway, Suite 1200
    Denver, CO 80202
    (303)861-2800 Telephone
    (303)832-7116 Telecopier
    law@springersteinberg.com