IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03117-REB-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$10,500.00 UNITED STATES CURRENCY, and
$1,026.00 UNITED STATES CURRENCY,

    Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

Date of the conference:    January 31, 2012 at 10:45 a.m.

Appearances:

| | |
|---|---|
| United States: | Martha A. Paluch<br>Assistant United States Attorney<br>1225 17th Street, Suite 700<br>Denver, Colorado 80202<br>(303) 454-0100 |
| Claimant Ricardo Cuevas: | Ariel Z. Benjamin, Esq.<br>Harvey A. Steinberg, Esq.<br>Springer & Steinberg, P.C.<br>1600 Broadway, Suite 1200<br>Denver, Colorado 80202<br>(303) 861-2800 |

1

## 2.  STATEMENT OF JURISDICTION

The parties agree that this Court has jurisdiction and venue in this case pursuant to 28 U.S.C. §§ 1355(a) and 1395.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

The United States seeks forfeiture of defendant property pursuant to 21 U.S.C. § 881, as proceeds of drug trafficking and property facilitating drug trafficking in violation of 21 U.S.C. §§ 881(a)(6).

b.  Defenses and Claims of Claimant:

Claimant filed an Answer on January 16, 2012.  His answer contained the following Claims and Defenses:

   i.  Claimant is an innocent owner of the *res* seized and the acts or omissions alleged in the Complaint were committed without his knowledge;

   ii.  Claimant is an innocent owner as defined by 18 U.S.C. § 983(d);

   iii.  The arrest and investigation of the *res* seized was in violation of Claimant's rights pursuant to the Fourth Amendment to the United States Constitution;

   iv.  The forfeiture statute and the implementing code of the federal regulations are void and unenforceable and violate Claimant's Due Process rights pursuant to the Fifth Amendment to the United States Constitution;

   v.  Forfeiture of the *res* seized would violate Claimant's rights pursuant to the Eight Amendment to the United States Constitution;

vi.     Forfeiture of the *res* seized would violate Claimant's rights pursuant 18 U.S.C. § 983(g).

## 4. UNDISPUTED FACTS

The only facts that can be considered undisputed at this time are as follows:

a.      Jurisdiction, venue, and the subject property of this action.

## 5. COMPUTATION OF DAMAGES

a.      The relief sought by the United States is an Order of Forfeiture forfeiting defendant property to the United States, to be disposed of in accordance with law.

b.      The Claimant seeks the return of the seized *res.*

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting:

The Rule 26(f) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute.  Fed. R. Civ. P. 26(a)(1)(B)(ii).  Nevertheless, the United States and Ariel Benjamin, Esq. have conferred in compliance with Rule 26(f), most recently on January 20, 2012.

b.      Names of participants and party they represented:

Assistant United States Attorney Martha A. Paluch represented the United States;

Harvey A. Steinberg and Ariel Z. Benjamin represented Ricardo Cuevas.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:

3

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

The Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

e. The United States and Claimant have agreed to conduct informal discovery by exchanging documents and continued settlement discussions.

f. The parties agree to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case, including the use of a unified exhibit numbering system.

g. The United States and Claimant agree that there will not be a significant amount of electronically stored information.

h. The United States and counsel for Claimant have not engaged in settlement negotiations but anticipate settlement discussions in the near future.

## 7.  CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modification which any party proposes on the presumptive numbers of interrogatories contained in the federal rules:

The parties agree that the presumptive number of 25 interrogatories each party may serve on any other party is sufficient.

b. Limitations which any party proposes on the length of depositions:

Each deposition will be limited to one day of seven (7) hours.

c. Limitations which any party proposes on number of requests for production of documents and/or requests for admissions:

The parties agree that each party may serve on the other party 25 requests for production of documents and 25 requests for admission.

d. Other Planning or Discovery Orders: The parties agree that they may file a Motion to Compel answers to discovery requests thirty (30) days after the answers are due.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: March 15, 2012.

b. Discovery Cut-off: April 30, 2012.

c. Dispositive Motion Deadline: May 30, 2012.

d. Expert Witness Disclosure: March 15, 2012.

1) State anticipated fields of expert testimony, if any: For the United States, an expert in the field of forensic analysis of a controlled substance and Shannon Moham, Special Agent of the Drug Enforcement Administration, who by education and experience is expected to testify regarding drug trafficking methods.

        2)      State any limitations proposed on the use or number of expert witnesses: The United States and Claimant agree that each party will be limited to two expert witnesses.

        3)      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 15, 2012.

        4)      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 13, 2012.

    e.    Identification of Persons to be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|
| Ricardo Cuevas | April 4, 2012 | 9:00 a.m. | 7 hours |

    f.    Deadline for Interrogatories:

The United States and Claimant agree to serve an initial set of interrogatories no later than March 2, 2012, with responses due no later than 30 days after receipt. Any further interrogatories shall be served on a schedule that allows timely responses on or before the discovery cut-off date.

    g.    Deadline for Requests for Production of Documents and/or Admissions:

The United States and Claimant will submit their requests for production of documents and admissions no later than March 2, 2012, with responses due no later than 30 days after receipt. Any further requests for production of documents and

admissions shall be served on a schedule that allows timely responses on or before the discovery cut-off date.

## 10.  DATES FOR FURTHER CONFERENCES

a.  An early neutral evaluation will be held on _____ at _____ o'clock ____. m.

  ( )  Pro se parties and attorneys only need be present.

  ( )  Pro se parties, attorneys, and client representatives must be present.

  ( )  Each party shall submit a Confidential Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case, and the party's settlement position.

b.  Status conferences will be held in this case at the following dates and times: _____

_____.

c  A final pretrial conference will be held in this case on _____ at _____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:  None.

7

b.	Anticipated length of trial and whether trial is to the court or jury: two day trial to a Jury.

c.	Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted elsewhere: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 2012.

BY THE COURT:

_____
CRAIG B. SHAFFER
U.S. District Court Magistrate Judge

8

|  |  |
|---|---|
| APPROVED: | *s/ Martha A. Paluch* <br> Martha A. Paluch <br> Assistant United States Attorney <br> 1225 17th Street, Suite 700 <br> Denver, Colorado 80202 <br> Telephone: (303) 454-0100 <br> E-mail: Martha.paluch@usdoj.gov <br> *Attorney for Plaintiff* |
| APPROVED: | *s/ Ariel Z. Benjamin* <br> Ariel Z. Benjamin, Esq. <br> Harvey A. Steinberg, Esq. <br> Springer & Steinberg, P.C. <br> 1600 Broadway, Suite 1200 <br> Denver, Colorado 80202 <br> Telephone: (303) 861-2800 <br> E-mail: abenjamin@springersteinberg.com <br> *Attorneys for Claimant Ricardo Cuevas* |