IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03117-REB-CBS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$10,500.00 UNITED STATES CURRENCY, and
$1,026.00 UNITED STATES CURRENCY,

        Defendants.

## SETTLEMENT AGREEMENT

COMES NOW the United States of America by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A Paluch, and Claimant Elva Munoz, through her attorney William P. Buckley, Esq., and submit the following Settlement Agreement:

1. The United States' Verified Complaint for Forfeiture *In Rem* was filed on December 22, 2010, (Doc. 1), alleging that defendants $10,500.00 in United States Currency and $1,026.00 in United States Currency are subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

2. Claimant Ricardo Cuevas filed his Verified Statement in Interest on March 7, 2011 (Doc. 12) and his Answer on January 16, 2012 (Doc. 26).

3. Claimant Elva Munoz filed her Claim for Return of U.S. Currency on March 21, 2012 (Doc. 34) and again on March 22, 2012 (Doc. 37) and her Answer on April 9, 2012 (Doc. 39).

1

4. Claimant Cuevas filed an Unopposed Motion to Withdraw Claim on May 14, 2012. (Doc. 40.) The Motion was granted by the Court on May 15, 2012. (Doc. 44).

5. Claimant consents to the forfeiture of defendant $1,026.00 in United States Currency and to $5,000.00 of defendant $10,500.00 in United States Currency pursuant to 21 U.S.C. § 881(a)(6), and agrees that upon entry of a Final Order of Forfeiture, the forfeited property shall be disposed of in accordance with law.

6. The United States shall return to Claimant, through her attorney, $5,500.00 of defendant $10,500.00 in United States Currency.

7. Any attorney fees, interest, costs, and fees incurred by the parties will be their sole responsibility and obligation.

8. The parties forever and irrevocably release each other from any claims, damages, causes of action, whether in law or in equity, or founded in contract, tort, or any other legal or equitable theory, including but not limited to 18 U.S.C. § 983 and 28 U.S.C. § 2465, with respect to the defendant Currency, except for any civil tax liability which the interested parties understand must be handled with the Internal Revenue Service directly.

9. Claimant understands that federal law requires the Department of the Treasury to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support).

10. Should any claims or answers be filed necessitating further administrative or judicial action regarding the defendant Currency, Claimant agrees to cooperate fully with the United States in the preparation for, handling of, hearings or trial on such claims or answers, as determined by the United States.

11. This Settlement Agreement shall bind the agents, principles, affiliates, successors, assigns, personal representatives, heirs, and attorneys of each of the parties to this Settlement Agreement.

12. This Settlement Agreement shall constitute a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 regarding the forfeiture of defendant $1,026.00 in United States Currency and $5,000.00 of defendant $10,500.00 in United States Currency.

13. The filing of this Settlement Agreement does not constitute a dismissal of this action. A Motion for Final Order of Forfeiture resolving all issues in this case is being filed contemporaneously herewith.

DATED: 5/17/12

Martha A. Paluch
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Martha.paluch@usdoj.gov
*Attorney for Plaintiff*

DATED: 5-16-12

William P. Buckley, Esq.
The Law Firm of Leonard M. Chesler, P.C.
1343 Delaware Street
Denver, Colorado 80204
Telephone: (303) 893-8933
E-mail: cheslerlawfirm@yahoo.com
*Attorneys for Claimant Elva Munoz*

DATED: 5/16/12

Elva Munoz
*Claimant*